# EXHIBIT NO. 1

Exhibit Description: Texas Contract with National Recall & Data Services, Inc., dated May 20, 2012.

Exhibit Document Citation: Doc. 1, PG. 39.

Exhibit Page Amount: 14 page[s].

| | |
|---|---|
| Case Style: Mark Laning v. National Recall & Data Services, et. al.<br><br>Case Cause Number: N/A<br><br>Case Filing: U.S. DIST. CT. N.D. TX. | Exhibit No. 1 Of 17, attached to:<br>PLAINTIFFS COMPLAINT—CLASS ACTION |

# MOTOR VEHICLE WEEKLY UPDATES
## ACCOUNT INFORMATION
ADMINISTRATIVE SERVICES DIVISION
4000 JACKSON AVENUE, AUSTIN, TEXAS 78731-6017

PLEASE PRINT OR TYPE

**ACCOUNT NAME:** National Recall & Data Services, Inc.

**DATE:** 9/20/12

**BUSINESS MAILING ADDRESS:**
(Street Address, City, State, Zip Code, and County)

2710 Thomas Ave. STE 465
Cheyenne, WY, 82001

**County:** USA

**E-BILLING CONTACT: For Monthly Billing**
(Name, Telephone Number, and E-Mail Address of the Person to which the Monthly Invoices will be E-Mailed)

Name: Charles Holley
Telephone Number: (888) 217-9833
E-Mail Address: c.holley@nrds.biz

**CONTRACT CONTACT:**
(Name, Telephone Number, and E-Mail Address)

Name: Charles Holley
Telephone Number: (888) 217-9833
E-Mail Address: c.holley@nrds.biz

**FILE CONTACT:**
(Name, Telephone Number, Mailing, and E-Mail Address of the Person to which the Weekly Updates will be mailed, if applicable)

Name: Charles Holley
Telephone Number: (888) 217-9833
Mailing Address: 2710 Thomas Ave STE 465 Cheyenne, WY 82001
E-Mail Address:

**MEDIA TYPE:**
Please specify how data (weekly updates) should be provided: Check One

CD _____    FTP ✓

(Complete the information below only if you have chosen FTP as your media type)

FTP Address: 67.20.99.52
User ID/Login: N/A
FTP Password: o/ofD1VJI7ATJV
Encryption Key: m@verler5

**PUBLIC VENDOR LIST:**
Would you like your Company Name, Address, and Telephone Number Included on our Public Vendor List?

Yes _____    No ✓

Vendor: 5/12

PLT EXHIBITS.   LANING V. NATIONAL RECALL & DATA SERVICES, INC.   EXHIBIT PAGE NO. 000001

| For Department Use Only |
|---|
|  |

STATE OF TEXAS §

COUNTY OF TRAVIS §

## SERVICE CONTRACT FOR PURCHASE OF
## TEXAS MOTOR VEHICLE TITLE AND REGISTRATION (VTR) DATABASE

THIS CONTRACT, is made by and between the State of Texas, acting by and through the Texas Department of Motor Vehicles, hereinafter called the "State," and

_National Recall Data Services, Inc_
hereinafter called the "Purchaser."

### WITNESSETH

WHEREAS, Transportation Code, Chapters 501, 502, and 504 establish that the State is responsible for administering and retaining Texas motor vehicle title and registration database records (MVRs); and

WHEREAS, this contract is made in accordance with the provisions of Transportation Code, Chapter 730, the state Driver's Privacy Protection Act; and

WHEREAS, the Purchaser requests from the State authority to obtain information by purchase of the VTR database; and

WHEREAS, the federal Driver's Privacy Protection Act (18 U.S.C. §2721 et. seq.) authorizes the department to disclose personal information contained in the department motor vehicle records only in accordance with that Act; and

WHEREAS, the State will provide the Vehicle Title and Registration (VTR) Database provided the Purchaser agrees to the terms and conditions of this contract; and

WHEREAS, the Texas Motor Vehicle Board adopted Title 43, Texas Administrative Code, Chapter 217, Subchapter F establishing the costs the State may assess a Purchaser of the VTR database;

PLT EXHIBITS.   LANING V. NATIONAL RECALL & DATA SERVICES, INC.   EXHIBIT PAGE NO. 000002

# AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties do hereby agree as follows:

The State shall provide the VTR database, as indicated below, to the Purchaser under the following conditions:

## 1. INFORMATION AVAILABLE:

The State will make available, in accordance with the federal and Texas Driver Privacy Protection Acts (DPPAs):
 a) Motor Vehicle Registration and Title (VTR) Database on DVD or USB external hard drive provided by the purchaser and
 b) Weekly Updates to the Motor Vehicle Registration and Title (VTR) Database on CD or via electronic transfer.
 c) Weekly Dealer/Supplemental Files on CD or via electronic transfer

The Purchaser requests authority to obtain the following information (initial as applicable):

\_\_\_\_\_ VTR Database

_[initialed]_ Weekly Updates to VTR Database

\_\_\_\_\_ Dealer/Supplemental Files

## 2. CERTIFICATION OF USE

The State may release privacy protected personal information contained in motor vehicle records (MVRs), as defined in the DPPAs, only if the Purchaser certifies its intended uses of the information in Attachment "A" to this contract. Certified intended uses include only those uses for which the Purchaser itself will actually employ the information; certified intended uses do not include uses that are speculative or that will be engaged in by persons acquiring the information from the Purchaser. If the Purchaser's intended use of the information is not one of the permitted uses, the State will not release the privacy protected personal information.

## 3. RESTRICTIONS

A. Use: The Purchaser may only use VTR database information obtained from the State in accordance with DPPAs, and only for the permitted use or uses certified to in Attachment "A" of this contract, if applicable.

B. Application: The Purchaser obtaining Weekly Updates from the State must apply the updated motor vehicle record information to their existing data no later than one week after receipt of a Weekly Update.

C. Vehicle Transfer Notices: The Purchaser shall utilize the State data only for the purpose stated in this contract and none other, and the data reflects notices of transfers of vehicles received by the State. Failure on the Purchaser's part to properly interpret the State data shall be the fault of the Purchaser, and liability for sending violation notices to the incorrect party(ies) shall rest with the Purchaser and not the State. If the data continues to be interpreted improperly, then the contract is subject to termination.

D. **Resale and Redisclosure:** A Purchaser obtaining privacy protected personal information, may only resell or redisclose the privacy protected personal information for a permitted use authorized by law that:
   (1) The Purchaser has indicated for its own use; or
   (2) The Requestor is obtaining as agent of an authorized recipient for the authorized recipient's own use as permitted under Transportation Code, Section 730.007.

All uses must be listed in Attachment A. Information may not be obtained solely for the purpose of resale or redisclosure. An authorized recipient may not redisclose the information in the identical or a substantially identical format received under this contract.

The Purchaser must maintain records of any entity or person that received the information and the permitted use for which it was obtained. These records must be maintained for a period of not less than five (5) years and must be made available to the State for inspection, upon request. Any person or entity obtaining protected information from the Purchaser, directly or indirectly, must comply fully with the provisions of the DPPAs. Any violation of the above law by a person or entity acquiring protected information from the Purchaser, directly or indirectly, will be considered a breach of this contract by the Purchaser.

The Purchaser shall immediately inform the State if privacy protected personal information provided to the Purchaser is disclosed in violation of the DPPAs. This obligation applies whether the disclosure was by the Purchaser or by a person or entity that acquired privacy protected information from the Purchaser, directly or indirectly.

## 4. TERM OF CONTRACT

This contract becomes effective upon agreement and execution by both parties. The contract is subject to a continuous automatic annual renewal unless terminated in accordance with Paragraph 7 of this contract, Termination.

The State reserves the right to amend this contract at any time or to waive any violations of this contract by the Purchaser. The Purchaser may amend its statement of certified uses at any time by submitting a signed statement to that effect.

## 5. DEPOSIT

If requesting weekly updates to the VTR database, a deposit of at least $1,755 must be maintained in a non-interest bearing escrow account. If requesting Dealer/Supplemental files, an additional deposit of at least $1235.00 must be maintained. This initial deposit is to cover services to be provided by the State for a period of thirteen (13) weeks. The Purchaser may deposit additional funds into the escrow account in excess of the stated minimum balance. Such escrow account must be established by the Purchaser prior to the State providing the services requested. Payment of the deposit shall be made by check or warrant, payable to the "Texas Department of Motor Vehicles" and is due upon execution of this contract. PLEASE NOTE: Upon refunding this escrow deposit, the State Comptroller may place a hold on these funds if there is outstanding state debt (indebtedness, tax delinquency or student loan default).

## 6. CHARGES

A fee of $5,000 plus $.38 per 1,000 records will be assessed for the purchase of the VTR database. The one time charge of $5,000 shall be submitted with a properly executed contract

PLT EXHIBITS.   LANING V. NATIONAL RECALL & DATA SERVICES, INC.   EXHIBIT PAGE NO. 000004

requesting the purchase of the VTR database. The State will copy the database to DVD or USB external hard drive (provided by the purchaser) and notify the Purchaser of the balance due, based on the number of records copied. The balance due shall be based on the adopted charge of $.38 per 1,000 records copied to DVD or USB external hard drive, as provided for in 43 Texas Administrative Code, Chapter 3. Upon receipt of the balance due, the State shall release the VTR database to the Purchaser.

If requesting weekly updates to the VTR database, the adopted charge, as provided for in 43 Texas Administrative Code, Chapter 3, for each week is as follows:
- $135 on a CD provided by the State or via FTP transfer; and
- Any other applicable charges, as provided for in 43 Texas Administrative Code, Chapter 3. (If applicable, the State will detail these charges on a billing invoice, to be made payable by the Purchaser prior to the State providing the services requested.

If requesting Dealer/Supplemental Files, charges are:
- $95 on a CD provide by the State of via FTP transfer

If the State researches a complaint or concern or extra technical support is provide by either the agency or the agency'sr third party vendor which is determined to be an error on part of the Purchaser, the State will charge the Purchaser for time at the rate of $28.50 per hour.

## 7. BILLING FOR WEEKLY UPDATE SERVICE

A Billing Account will be established under this contract for the purchase of Weekly Updates to the VTR database and/or Dealer/Supplemental Files. The State shall bill the Purchaser, one month in advance, for the weekly updates and/or Dealer/Supplemental Files to be provided during the upcoming month.

## 8. PAYMENT

The total amount indicated on the invoice is due monthly, on or before the invoice due date. Invoices are sent out via E-Billing. Any advance or overpayments will be credited to the account and applied to the next billing statement. The payment schedule must be in accordance with these guidelines. Payment methods are as follows:

Mail check or money order to:
Texas Department of Motor Vehicles
Administrative Services
Technology Support Branch
P.O. Box 5020
Austin, Texas 78763-5020

Credit Card: Call Technology Support Branch at (512)-465-7727, option 2.

## 9. DELINQUENT BILLING ACCOUNT

A Billing Account becomes delinquent if payment is not received on or before the invoice due date specified in the State's invoice, or a payment is returned due to insufficient funds. If a Billing Account becomes delinquent, the State will deduct the amount due from the Purchaser's escrow account until the balance of that account is depleted. Upon depletion of all funds deposited to the

Purchaser's escrow account, the delinquent account will be subject to immediate termination by the State.

## 10. CONTACT INFORMATION

A. Technical assistance regarding the information provided or information regarding billings or payments for your account may be obtained by contacting Central Administration, Technology Support Branch, at (512) 467-5940 or (512) 302-2126 (Monday through Friday 8:00 AM- 5:00 PM).

B. Customers with questions or complaints concerning personal solicitation or concerns should be referred to Consumer Relations, Contact Center at (800) 368-4689 (Monday through Friday 8:00 AM- 5:00 PM).

## 11. TERMINATION

<u>Termination by State or Purchaser.</u> The State or Purchaser may terminate this contract in writing at any time.

<u>Termination for Cause.</u> Without limiting the foregoing, the State may immediately terminate this contract, without notice, for any violation of the terms of this contract or for any violation of any state or federal law relating to the information provided by the State under this contract.

<u>Automatic Termination.</u> This contract will automatically terminate if the Purchaser ceases to conduct business, if the Purchaser substantially changes the nature of its business, if the Purchaser sells its business, if there is a significant change in the ownership of the Purchaser, or if the Purchaser dies. The Purchaser, its successor in interest, or its personal representative will immediately notify the State in writing of any change in status that would implicate this paragraph.

<u>Effect of Termination.</u> If the contract is terminated under this section, the State will refund any unused portion of payments, minus any outstanding balance due the State. The Purchaser's successor in interest will be eligible to apply for and execute a new contract.

If the contract is terminated for cause, then the Purchaser agrees to **erase or otherwise destroy from its records any VTR data provided from the State.**

## 12. RE-ESTABLISHING ACCOUNT FOR PURCHASE OF WEEKLY UPDATES AFTER TERMINATION FOR DELINQUENT ACCOUNT

If a Purchaser's account is terminated due to the delinquent status of the account, and subsequent depletion of the Purchaser's escrow account, the Purchaser may be required to purchase the VTR database prior to re-establishing an account for purchase of weekly updates.

## 13. COMPLIANCE WITH LAWS

The Purchaser shall comply with all applicable federal, State, and local laws, statutes, codes, ordinances, rules and regulations, and the orders and decrees of any court, or administrative bodies or tribunals in any matter affecting the performance of this contract. By signing this agreement, the Purchaser certifies that he or she will comply with the provisions of the DPPAs, including, but not limited to, limiting usage to the permissible uses under those Acts.

Page 5 of 7

VENDOR (5/12)

PLT EXHIBITS.   LANING V. NATIONAL RECALL & DATA SERVICES, INC.   EXHIBIT PAGE NO. 000006

### 14. AMENDMENTS

Any changes in the terms and conditions of this contract must be enacted by a written amendment, executed by all parties to this contract.

### 15. LIMITATION OF LIABILITY

The Purchaser shall save harmless the State from any liability which may arise from the Purchaser's use of the VTR database, and the State makes no representation or warranty as to the use, result, or accuracy of data contained therein.

### 16. PRIOR CONTRACTS SUPERSEDED

This contract constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings and/or written agreements between the State and the Purchaser respecting the subject matter described herein.

### 17. SIGNATORY AUTHORITY

The undersigned for the Purchaser represents and warrants that he/she is an officer of the organization for which he/she has executed this contract and that he/she has the full and complete authority to enter into this contract on behalf of the Purchaser.

IN TESTIMONY HEREOF, the parties to this contract have caused these presents to be executed in duplicate counterparts.

National Recall & Data Services, Inc.
THE PURCHASER

BY: Charles Holley
Signature

Charles Holley, Vice President
Name and Title

2710 Thomas Ave, STE 465
Address

Cheyenne WY 82001
City, State, and Zip Code

6/20/12
Date

( ) Sole Proprietorship _____
Social Security Number or Employer I.D. Number

( ) Partnership _____
Employer I.D. Number or Tax Number

(✓) Corporation  26-0458562
Employer I.D. Number or Tax Number

If purchasing weekly updates to the VTR database, please provide the following:

Charles Holley
Name of Person Responsible for Billing

2710 Thomas Ave, STE 465
Billing Address

Cheyenne WY 82001
City, State, and Zip Code

888-217-9833
Telephone Number

FOR STATE PURPOSES ONLY:

THE STATE OF TEXAS

Executed for the Executive Director and approved for the Texas Motor Vehicle Board for the purpose and effect of activating and/or carrying out the orders, and established policies or work programs heretofore approved and authorized by the Texas Motor Vehicle Board.

BY: Linda M. Flores
Signature

Executive Director, Texas Department of Motor Vehicles

10/20/12
Date

*** PLEASE KEEP A COPY OF THIS CONTRACT ***

Page 7 of 7

VENDOR: (5/12)

PLT EXHIBITS.   LANING V. NATIONAL RECALL & DATA SERVICES, INC.   EXHIBIT PAGE NO. 000008

ATTACHMENT A:
# CERTIFICATION OF USE

*Note: Effective December 1, 2000, the State may release privacy protected personal information contained in motor vehicle records (MVRs), as defined in 18 U.S.C. §2725, only if the Purchaser certifies its intended uses of the information in this Attachment. Certified intended uses include only those uses for which the Purchaser itself will actually employ the information; certified intended uses do not include uses that are speculative or that will be engaged in by persons acquiring the information from the Purchaser. If the Purchaser's intended use of the information is not one of the permitted uses, the State will not release the privacy protected personal information.*

Please **INITIAL** (DO NOT CHECK Y) the intended use(s) for which the VTR Database and Weekly Updates are requested, if applicable, and complete the Certification statement on page 2:

## PERMITTED USES:

(I) A. For use in connection with any matter of:
  - ___ (1) motor vehicle or motor vehicle operator safety;
  - ___ (2) motor vehicle theft;
  - ___ (3) motor vehicle emissions;
  - ___ (4) motor vehicle product alterations, recalls, or advisories;
  - ___ (5) performance monitoring of motor vehicles or motor vehicle dealers by a motor vehicle manufacturer; or
  - ___ (6) removal of non-owner records from the original owner records of a motor vehicle manufacturer to carry out the purposes of:
    - (a) the Automobile Information Disclosure Act, 15 U.S.C. Section 1231 et seq.,
    - (b) 49 U.S.C. Chapters 301, 305, 323, 325, 327, 329, and 331;
    - (c) the Anti Car Theft Act of 1992, 18 U.S.C. Sections 553, 981, 982, 2119, 2312, 2313, and 2322, 19 U.S.C Sections 1646b and 1646c, and 42 U.S.C. Section 3750a et seq., all as amended;
    - (d) the Clean Air Act, 42 U.S.C. Section 7401 et seq., as amended; and
    - (e) any other statute or regulation enacted or adopted under or in relation to a law included in Paragraphs (a)-(d).

B. Use will be strictly limited to use by:
  - ___ (1) a government agency, including any court or law enforcement agency, in carrying out its functions; or
  - ___ (2) a private person or entity acting on behalf of a government agency in carrying out the functions of the agency.

(II) A. Use in connection with a matter of:
  - ___ (1) motor vehicle or motor vehicle operator safety;
  - ___ (2) motor vehicle theft;
  - *[initialed]* (3) motor vehicle product alterations, recalls, or advisories;
  - ___ (4) performance monitoring of motor vehicles, motor vehicle parts, or motor vehicle dealers;
  - ___ (5) motor vehicle market research activities, including survey research; or
  - ___ (6) removal of non-owner records from the original owner records of motor vehicle manufacturers;

B. Use in the normal course of business by a legitimate business or an agent, employee, or contractor of the business, but only:
  - *[initialed]* (1) to verify the accuracy of personal information submitted by the individual to the business or an agent, employee, or contractor of the business; and
  - *[initialed]* (2) if the information as submitted is not correct or is no longer correct, to obtain the correct information, for the sole purpose of preventing fraud by, pursuing a legal remedy against, or recovering on a debt or security interest against the individual.

C. Use in conjunction:
  - ___ With a civil, criminal, administrative, or arbitral proceeding in any court or government agency or before any self-regulatory body, including service of process, investigation in anticipation of litigation, execution or enforcement of a judgment or order, or under an order of any court;

Vendor 8/12

PLT EXHIBITS.   LANING V. NATIONAL RECALL & DATA SERVICES, INC.   EXHIBIT PAGE NO. 000009

D. ___ Use in:
Research or in producing statistical reports, but only if the personal information is not published, redisclosed, or used to contact any individual;

E. ___ Use by:
An insurer or insurance support organization, or by a self-insured entity, or an agent, employee, or contractor of the entity, in connection with claims investigation activities, antifraud activities, rating, or underwriting;

F. ___ Use in:
providing notice to an owner of a towed or impounded vehicle;

G. ___ Use by:
A licensed private investigator agency or licensed security service for a purpose permitted under this section;

H. ___ Use by:
An employer or an agent or insurer of the employer to obtain or verify information relating to a holder of a commercial driver's license that is required under 49 U.S.C. Chapter 313;

I. ___ Use in:
Connection with the operation of a private toll transportation facility.

## CERTIFICATION

I, _National Recalls Data Services, Inc._ the Purchaser, certify that the intended use of the requested VTR database information will be for the Permitted Use(s) initialed above.

_National Recalls Data Services, Inc._
(THE PURCHASER)

BY: _Charles Holley_
(Signature)

_Charles Holley, Vice President_
(Name and Title)

_6/11/12_
(Date)

Vendor: 5/12

ATTACHMENT B:
18 U.S.C. §2721 (PUBLIC LAW 103-322)
FEDERAL DRIVER'S PRIVACY PROTECTION ACT

CHAPTER 123 -- PROHIBITION ON RELEASE AND USE OF CERTAIN PERSONAL INFORMATION FROM STATE MOTOR VEHICLE RECORDS.

Section 2721. Prohibition On Release And Use Of Certain Personal Information From State Motor Vehicle Records.

(a) IN GENERAL.--

Except as provided in subsection (b), a State department of motor vehicles, and any officer, employee, or contractor, thereof, shall not knowingly disclose or otherwise make available to any person or entity personal information about any individual obtained by the department in connection with a motor vehicle record.

(b) PERMISSIBLE USES.--

Personal information referred to in subsection (a) shall be disclosed for use in connection with matters of:

- motor vehicle or driver safety and theft,
- motor vehicle emissions,
- motor vehicle product alterations, recalls, or advisories,
- performance monitoring of motor vehicles and dealers by motor vehicle manufacturers,
- and removal of non-owner records from the original owner records of motor vehicle manufacturers to carry out the purposes of the Automobile Information Disclosure Act, the Motor Vehicle Information and Cost Saving Act, the National Traffic and Motor Vehicle Safety Act of 1966, the Anti-Car Theft Act of 1992, and the Clean Air Act,

and may be disclosed as follows:

(1) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

(2) For use in connection with matters of:
- motor vehicle or driver safety and theft,
- motor vehicle emissions,
- motor vehicle product alterations, recalls, or advisories,
- performance monitoring of motor vehicles, motor vehicle parts and dealers,
- motor vehicle market research activities, including survey research, and

removal of non-owner records from the original owner records of motor vehicle manufacturers.

(3) For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only --

(A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

(4) For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgements and orders, or pursuant to an order of a Federal, State, or local court.

(5) For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

(6) For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting

Vendor: 5/12

PLT EXHIBITS.   LANING V. NATIONAL RECALL & DATA SERVICES, INC.   EXHIBIT PAGE NO. 000011

(7) For use in providing notice to the owners of towed or impounded vehicles.
(8) For use by any licensed private investigative agency or licensed security service for any purpose permitted under this subsection.
(9) For use by an employer or its agent or insurer to obtain and verify information relating to a holder of a commercial driver's license that is required under the Commercial Motor Vehicle Safety Act of 1986 (49 U.S.C. App. 2710 et seq.).
(10) For use in connection with the operation of private toll transportation facilities.
(11) For any other use in response to requests for individual motor vehicle records if the State has obtained the express consent of the person to whom such personal information pertains.
(12) For bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains.
(13) For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.
(14) For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

(c) RESALE OR DISCLOSURE.--

An authorized recipient of personal information (except a recipient under subsection (b) (11) or (12) may resell or redisclose the information only for a use permitted under subsection (b) (but not for uses under subsection (b) (11) or (12)). An authorized recipient under subsection (b) (11) may resell or redisclose personal information for any purpose. An authorized recipient under subsection (b) (12) may resell or redisclose personal information pursuant to subsection (b) (12). Any authorized recipient (except a recipient under subsection (b) (11)) that resells or rediscloses personal information by this title must keep for a period of five years records identifying each person or entity that receives information and the permitted purpose for which the information will be used and must make such records available to the motor vehicle department upon request.

(d) WAIVER PROCEDURES.--

A State motor vehicle department may establish and carry out procedures under which the department or its agents, upon receiving a request for personal information that does not fall within one of the exceptions in subsection (b), may mail a copy of the request to the individual about whom the information was requested, informing such individual of the request, together with a statement to the effect that the information will not be released unless the individual waives such individual's right to privacy under this section.

## SECTION 2722. ADDITIONAL UNLAWFUL ACTS

(a) PROCUREMENT FOR UNLAWFUL PURPOSE --

It shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721 (b) of this title.

(b) FALSE REPRESENTATION. --

It shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record.

## SECTION 2723. PENALTIES

(a) CRIMINAL FINE --

A person who knowingly violates this chapter shall be fined under this title.

(b) VIOLATIONS BY STATE DEPARTMENT OF MOTOR VEHICLES. --

Any State department of motor vehicles that has a policy or practice of substantial noncompliance with this chapter shall be subject to a civil penalty imposed by the Attorney General of not more than $5,000 a day for each substantial noncompliance.

Vendor: 8/12

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This email message, including any attachments hereto, contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate this email, or accompanying attachments unless you are both the addressee and the intended recipient. If you are not both the addressee and the intended recipient, or have otherwise received this message in error, please call us 214.943.6100. Also, please forward the message back to us and delete the message from your inbox and deleted items folder. Thank you.

[Quoted text hidden]